This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court and does not include the filing date.

# IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Respondent,

v.                                                      **No. 32,605**

**CHRISTOPHER FRANCO,**

Defendant-Petitioner.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Kenneth H. Martinez, District Judge**

Bennett J. Baur, Acting Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Petitioner

Gary K. King, Attorney General
Joel Jacobsen, Assistant Attorney General
Santa Fe, NM

for Respondent

**DISPOSITIONAL ORDER REVERSING IN PART AND AFFIRMING IN PART**

{1} This certiorari petition having come before the full Court, and each member of the Court having studied the briefs and being otherwise fully informed on the issues and applicable law; and

{2} The members of the Court having concluded that there is no reasonable likelihood that either a decision or an opinion from this Court would materially advance the law of this state; and

{3} The members of the Court having agreed to invoke this Court's discretion under Rule 12-405(B)(3) NMRA to dispose of a case by order, decision, or memorandum opinion rather than formal opinion;

**IT IS THEREFORE ADJUDGED THAT:**

{4} Defendant raises three issues on certiorari review. First, Defendant argues that his convictions for both shooting at a motor vehicle resulting in great bodily harm and voluntary manslaughter violate double jeopardy. Second, Defendant argues that the trial court erred in refusing to instruct the jury on involuntary manslaughter. Third, Defendant argues that the trial court abused its discretion by both its alleged inappropriate comments during sentencing and its sentencing of Defendant to thirty years' incarceration.

{5} The double jeopardy argument raised by Defendant is controlled by our recent opinion in *State v. Montoya*, 2013-NMSC-___, ___ P.3d ___ (No. 32,279, May 16, 2013). In *Montoya*, we held that current New Mexico jurisprudence precludes cumulative punishment for the offenses of shooting at a motor vehicle causing great

2

bodily harm and the homicide resulting from the penetration of the same bullet into the same person. *Id.* ¶¶ 2, 54. In this case, Defendant shot three times at a vehicle that was being driven in reverse in an effort to strike him. One of the bullets injured the driver and ultimately resulted in the driver's death. Therefore, as in *Montoya*, the Double Jeopardy Clause protects Defendant against being punished both for the voluntary manslaughter of the driver and for causing great bodily harm to the driver by shooting at a motor vehicle, where both convictions were premised on the unitary act of shooting the driver. Because the conviction carrying the least punishment must be vacated, in this case the voluntary manslaughter conviction must be vacated. *Id.* ¶ 56.

{6}     With respect to the jury instruction and sentencing issue raised by Defendant, we agree with the analysis of the Court of Appeals and do not find any error. In our original memorandum of court action, we sought to only grant Defendant's petition for writ of certiorari on the double jeopardy issue. However, due to inadvertence, the parties were not notified that we only intended to grant certiorari on the one issue. We have therefore reviewed the briefing, but remain unpersuaded by Defendant's remaining arguments.

{7}     Therefore, we affirm in part and reverse in part. This matter is remanded to the trial court to vacate the voluntary manslaughter conviction and to resentence Defendant accordingly.

{8}     **IT IS SO ORDERED.**

3

_____
**PETRA JIMENEZ MAES, Chief Justice**


_____
**RICHARD C. BOSSON, Justice**


_____
**EDWARD L. CHÁVEZ, Justice**


_____
**CHARLES W. DANIELS, Justice**


_____
**BARBARA J. VIGIL, Justice**

4